## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

GARY JONES,                            )
      Petitioner,                )
                          )
v.                                     )        CIVIL ACTION NO. 5:02-1009
                          )
MARTY C. ANDERSON,[1]                  )
Warden, FCI Beckley,                   )
      Respondent.                )

### PROPOSED FINDINGS AND RECOMMENDATION

On August 8, 2002, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that he is "not being granted proper Jail Credit" and that the Federal Bureau of Prisons' [BOP] "computation sheet is incorrect." (Id., p. 6.) By Standing Order also filed on August 8, 2002, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### PROCEDURE AND FACTS

On November 6, 1991, Petitioner was arrested by authorities in the State of Ohio on charges

---

[1] When Petitioner filed this civil action, Joyce K. Conley was serving as the Warden of FCI Beckley. Marty C. Anderson has since been designated as the Warden of FCI Beckley. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marty C. Anderson is automatically substituted as the party Respondent in this civil action.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

related to drug trafficking.[3] (Document No. 1, pp. 8-9 and Document No. 4, p. 9, Exhibit A.) On November 20, 1991, Petitioner was charged with aggravated assault for an incident that occurred while in state custody pursuant to the charges for which he was arrested on November 6, 1991. (Id.) Petitioner was convicted of the aggravated assault charge and sentenced on May 4, 1992, to a one year term of imprisonment. (Id.)

On March 19, 1992, the Grand Jury for the United States District Court for the Southern District of Ohio, returned a Two-Count Indictment against Petitioner, charging him with one count of conspiring to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count One), and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (2) (Count Two). (Document No. 1, p. 8, United States v. Jones, Criminal Case No. 2:92-00058-02 (S.D. Ohio Nov. 2, 1992).) Pursuant to various writs of *habeas corpus ad prosequendum,* Petitioner appeared for proceedings upon his federal charges. (Document No. 4, p. 2, and Document No. 1, Exhibits 1 and 2.) On June 5, 1992, Petitioner pled guilty to Count One  as contained in the Indictment and on October 30, 1992, the District Court sentenced him to a 240 month term of

---

[3] In his initial Petition for Jail Time Credit, Petitioner states that he was arrested by Ohio Law Enforcement Officers of the South Central Task Force on October 6, 1991. (Document No. 1, p. 8.) Respondent contends, however, that the Presentence Investigative Report, prepared prior to the imposition of Petitioner's federal sentence, indicates that he was arrested on November 6, 1991. (Document No. 4, p. 2, n. 2.) Respondent states that the November 6, 1991, arrest date was "verified by the Clerk of Courts, Pickaway County, Ohio," as stated in the Declaration of Mark Race. (*Id.*; Exhibit A.) In his Response filed on February 21, 2003, Petitioner does not dispute the November 6, 1991, arrest date and adopts it in his "Statement of the Case" and "Background" sections of his response. (Document No. 5, p. 2.) Accordingly, the Court considers November 6, 1991, as the date upon which Petitioner originally was arrested by state authorities.

imprisonment, to be followed by a three year term of supervised release.[4] (Id.) Petitioner was returned to Ohio State authorities via return writ. (Document No. 4, p. 2 and Exhibit A, ¶ ix.) Petitioner's original state charges were dismissed on September 30, 1993, but Petitioner remained in state custody for completion of his sentence for the aggravated assault conviction. (Document No. 4, p. 2.) Petitioner's state sentence expired on January 5, 1993, and he was released to the custody of the United States Marshals. (Id., pp. 2-3 and Exhibit A, ¶¶ ix-xi.)

On December 8, 2000, Petitioner filed his Petition for Jail-Time Credit in the Southern District of Ohio, claiming that he was "entitled to receive federal jail-time credit from the date the federal "Writ of Habeas Corpus Ad Prosequendum," was issued (3-24-92) through 11-4-92." (Court Exhibit A.) By Order filed on December 28, 2000, the District Court denied Petitioner's Motion, stating that it lacked authority to consider Petitioner's claims due to his failure to exhaust his administrative remedies pursuant to 28 U.S.C. § 2241. (Court Exhibit B.)

On August 8, 2002, Petitioner filed his instant Application under 28 U.S.C. § 2241, in which he challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Document No. 1.) Petitioner contends that he is entitled to credit for time spent in custody beginning on October 6, 1991, the date on which he alleges to have been arrested by state authorities, and ending on November 4, 1992, when the BOP began computation of his federal sentence. (Id., p. 9.) Alternatively, he contends that pursuant to 18 U.S.C. § 3585(b), he is entitled to credit for time spent in custody beginning on March 24, 1992, when the first federal writ of *habeas corpus ad prosequendum* was issued, and ending on November 4, 1992, when the BOP

---

[4] By Order entered on May 16, 1995, the District Court for the Southern District of Ohio modified and reduced Petitioner's sentence to a 180 month term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 35. (Document No. 4, p. 2, n. 3.)

began computation of his federal sentence. (Id.) In support of his claim for prior custody credit,

Petitioner states as follows:

> First, while Jones was under the "Writ of Habeas Corpus Ad Prosequendum" the state had no jurisdiction to impose any legal sentence whatsoever.

> Second, if the state sentence is valid, the federal sentence is not. This is because the "Writ of Habeas Corpus Ad prosequendum," would have to have been returned to confer jurisdiction back to the state authorities. If the "Writ" had been returned then there would be no federal jurisdiction to proceed without issuing an additional "Writ."

> Third, from arrest (10-6-91) until the B.O.P.'s start date (11-4-92), almost 13 months elapsed. This is 2 days shy of 1 month over 1 year. This is relevant to show error.

(Document No. 1, pp. 10-11.)

By Order entered on January 15, 2003, the undersigned directed Respondent to show cause,

if any, why Petitioner's Petition for Writ of Habeas Corpus should not be granted. (Document No.

3.) On January 30, 2003, the Respondent, by counsel, filed a Response to the Order to Show Cause,

urging the Court to dismiss Petitioner's application. (Document No. 4.) Respondent states that

Petitioner's federal sentence was deemed to have commenced on January 5, 1993, when he was

released to the custody of the United States Marshals awaiting BOP placement. (Id., p. 3 and Exhibit

A, p. 2.) Pursuant to 18 U.S.C. § 3585(b), the BOP granted Petitioner credit for time spent in state

custody beginning November 6, 1991, when he initially was arrested on the state charges, and

ending May 4, 1992, when he was sentenced by the state for the aggravated assault conviction. (Id.)

This credit was given because the dismissal of his original state charges on September 30, 1993,

resulted in this time not being credited toward any sentence. (Id.) Respondent contends that

Petitioner is not entitled to prior custody credit for the time beginning May 4, 1992, and ending

January 4, 1993, the date his state sentence expired, as he "received credit towards his state sentence

for this period of time." (Id., p. 6 and Exhibit A, p. 2.) Respondent states that when Petitioner was arrested by state authorities on November 6, 1991, the state acquired primary jurisdiction over him which the state did not relinquish until Petitioner's release to the custody of the United States Marshals on January 5, 2003. (Id., p. 4.) The federal authorities merely "borrowed" Petitioner pursuant to the writs of *habeas corpus ad prosequendum*, which did not terminate the state's primary jurisdiction. (Id.)

On February 21, 2003, Petitioner filed his Response to Respondent's Motion to Dismiss. (Document No. 5.) Petitioner argues that pursuant to United States Sentencing Guideline [U.S.S.G.] § 5G1.3(c), "he is entitled to credit for the time he spent in pretrial, awaiting his federal sentence." (Id., p. 2.) Accordingly, Petitioner requests that the Court award him prior custody credit for the time beginning when he was arrested on November 6, 1991, and ending on January 5, 1993, when he completed his state sentence. (Id.)

## ANALYSIS

### 1.   Credit under 18 U.S.C. § 3585.

Title 18, United States Code, Section 3585(a) provides that a federal sentence does not begin to run until the United States Attorney General receives the defendant into custody for service of the sentence. Section 3585(b) provides as follows:

**Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

   **(1)** as a result of the offense for which the sentence was imposed; or

   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

5

It is well-established that the time in which a defendant is produced for prosecution in federal court pursuant to a writ of *habeas corpus ad prosequendum* from state custody does not count against a federal sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). The state retains primary custody over the defendant until its jurisdiction ends in some fashion, e.g., expiration of the state sentence, parole release, reversal of conviction, etc. Id. The time the defendant appears for prosecution of federal charges pursuant to an *ad prosequendum* writ is credited therefore, against the defendant's state sentence, not his federal sentence. Id. This is because "the federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities. . . . Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.  Consequently, federal custody commences only when the state relinquishes the defendant into federal custody on satisfaction or extinguishment of his state sentence. See Evans, 159 F.3d at 912; Thomas v. Whalen, 962 F.2d. 358, 361 n.3 (4th Cir. 1992).

Petitioner's federal sentence began on January 5, 1993, when his state sentence expired and he was released to the custody of the United States Marshals. Petitioner received credit against his federal sentence for the time spent in state custody serving his state sentence for the period beginning on November 6, 1991, and ending on May 4, 1992, and therefore, he is not entitled to additional credit for this time period. See United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct.1351, 1355-56, 117 F.3d 593 (1992)(Because a defendant serving a state sentence is not in custody solely pursuant to federal charges, "Congress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit."). Petitioner further is not entitled to credit for time he spent in secondary federal "custody" between March 4, 1992, and October 30, 1992, pursuant to writs of

6

*habeas corpus ad prosequendum.* Pursuant to 18 U.S.C. § 3585(b), Petitioner is not entitled to credit for the remainder of his time spent in state custody because that time already has been credited toward his state sentence. Accordingly, Petitioner's Application fails for want of substantive merit.

      **2.    Credit Under U.S.S.G. § 5G1.3(c).**

Petitioner further argues that the credit "he is seeking can be granted under 5G1.3c with the direction of the Judge." (Document No. 5, p. 2.) Despite Petitioner's efforts to phrase this claim as one for credit within the scope of 28 U.S.C. § 2241, the undersigned finds that he is essentially alleging that the District Court for the Southern District of Ohio committed error in not imposing at least a partially concurrent sentence under U.S.S.G. § 5G1.3(c). Such an allegation of sentencing error constitutes a challenge to the validity of his sentence imposed by the District Court for the Southern District of Ohio, as opposed to a challenge to the execution of his sentence, and therefore, his claim is not cognizable under 28 U.S.C. § 2241. Challenges to the manner, location, or conditions of the execution of a prisoner's sentence are properly raised under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)(per curiam)("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)(Claim for credit for time served properly raised under § 2241.); Zucker v. Menifee, 2004 WL 102779, *3 (S.D. N.Y. Jan. 21, 2004)("Section 2241 of title 28 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody or a person sentenced for violating a federal criminal statute."); Monahan v. Winn, 276 F.Supp.2d 196, 204 (D. Mass. Aug. 12, 2003)("It is well established that challenges to the 'manner, location, or conditions of a sentence's execution' are proper subjects of a habeas corpus action under § 2241.")(citations omitted). Applications under 28

U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective.  In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.");  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S. D.W.Va. 2001)(Chief Judge Haden). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under § 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under § 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The Fourth Circuit has held that § 2255 is inadequate to test the legality of a conviction and sentence when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Petitioner has not demonstrated why § 2255 is inadequate to test the legality of his sentence and therefore, the undersigned recommends that his claim be dismissed.

8

It is clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court.  The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.* (Emphasis added.)

Considering Petitioner's claim under § 2255, the undersigned finds that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Ohio. For this reason, Petitioner's claim of sentencing error under U.S.S.G. § 5G1.3 should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Application (Document No. 1.) with prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: April 21, 2005.

R. Clarke VanDervort
United States Magistrate Judge

10